BEFORE THE THIRD DIVISION, JULY 26, 1962

**No. 66939.**—Philipp Bros., Inc. *v.* United States, protest 321866–K (Baltimore).

RICHARDSON, Judge: The merchandise which is the subject of this protest was exported from Matadi in the Belgian Congo and imported at Baltimore, Md., in August and September 1954. It is described on three invoices as "scories tantalifères, qualité 'A' " and on a fourth invoice as "scories tantalifères, qualité 'B'." The merchandise was classified by the collector in liquidation as waste, not specially provided for, under paragraph 1555 of the Tariff Act of 1930 (19 U.S.C.A., § 1001, paragraph 1555) and T.D. 52739 and assessed with duty at the rate of 4 per centum ad valorem. The importer contends that the merchandise is entitled to free entry as a metallic mineral substance in a crude state, not specially provided for, under paragraph 1664 or under paragraph 1719 of the tariff act as a mineral, crude, or not advanced in value or condition by refining or grinding, or by other process of manufacture, not specially provided for. The protest which covers three entries was submitted to the court upon a stipulation that reads as follows:

1. That the merchandise covered by the protest listed above and assessed with duty at the rate of 4 per centum ad valorem under the provisions of Paragraph 1555, Tariff Act of 1930 as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739) consists of tantalite-columbite slags.

2. That the record in *Philipp Bros. Inc.* v. *United States*, C.D. 2222 may be incorporated in the record in this case.

3. That the reports of the United States Customs Laboratory attached to the entry the subject of this protest may be received in evidence herein.

4. That the protest may be deemed submitted on the foregoing stipulation.

Tantalite-columbite slags were the subject also of the protest in *Philipp Bros., Inc.* v. *United States*, 45 Cust. Ct. 190, C.D. 2222, the record of which case has been incorporated in the record of the instant protest. In that case, the invoice description of the merchandise was identical with the invoice description of the involved merchandise. Chemical analyses made of samples of the merchandise in that case disclosed the presence of metals in varying quantities, as did the testimony of plaintiff's witness, a mining engineer. In evidence also were United States Customs laboratory reports of the spectrographic analyses of samples of the imported merchandise which, although they did not confirm the presence of metal in the samples, did not exclude the existence of metals therein either. It was there conceded that the metal in the imported material was not commercially recoverable, but was extracted after importation through processing. On the basis of the evidence in the *Philipp Bros., Inc.*, case, we held there that the merchandise was a metallic mineral substance in a crude state, not specially provided for, and free of duty as such.

The laboratory reports, covering the merchandise at bar, as amended (Nos. 3388, 3389, and 3964), are essentially the same as were the laboratory reports in *Philipp Bros., Inc.* v. *United States, supra.* They read:

Spectrographic analysis shows the sample to contain significant amounts of columbium and tantalum.

In our opinion, it has the characteristics of a residue from a metallurgical process. We are unable to detect any metals as such.

And the special report of the appraiser (July 25, 1957), covering the involved merchandise, discloses the presence of metals in some form or state. The report reads, in part:

The merchandise consisted of small, black, glass-like particles having the characteristics of a slag or residue from a metallurgical process.

The composition is considerable Silica with significant amounts of Columbium and Tantalum, and smaller amounts of iron, tin, aluminum, and other metals. No metals as such were detected, the foregoing being in the form of compounds.

It further appears in the record that but for the fact that the laboratory reports, as amended, did not disclose the presence of metals, as such, the appraiser would have advisorily reported the material as a metallic mineral substance in a crude state under paragraph 1664, *supra*, and had, in fact, previously done so on the several invoices attached to the entries covered by the protest herein.

We are of the opinion, based upon the evidence of record, that the merchandise which is the subject of the instant protest is in all material respects the same as the merchandise the subject of *Philipp Bros., Inc.* v. *United States, supra*, in consequence of which our decision in that case is deemed to be controlling here. Therefore, we hold that the tantalite-columbite slags imported by plaintiff are properly classifiable as metallic mineral substances in a crude state, not specially provided for, under paragraph 1664, *supra*, and, as such, are entitled to free entry. The protest of the plaintiff is sustained.

Judgment will be entered accordingly.